IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| ROBERT and BARBARA LATIMORE, : | |
| : | |
| Plaintiffs, : | CIVIL ACTION |
| : | |
| v. : | No. 11-5917 |
| : | |
| REDEVELOPMENT AUTHORITY OF : | |
| THE CITY OF PHILADELPHIA, : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                             **MARCH 27, 2012**

      Presently before the Court is a Motion to Dismiss by Defendant Redevelopment Authority of the City of Philadelphia, Plaintiffs' Response by Robert and Barbara Latimore, and Defendant's Reply to Plaintiffs' Response. For the reasons set forth below, this Motion will be granted.

**I.     FACTUAL AND PROCEDURAL HISTORY**

      Defendant is a local government agency authorized by the Pennsylvania State Charter under the Urban Development Law of 1945 to acquire real estate using the power of eminent domain with the overall objective of eliminating urban blight in the City of Philadelphia, Pennsylvania. (Compl. ¶ 5.) On May 30, 2000, Defendant filed a Declaration of Taking regarding Plaintiffs' properties with the Court of Common Pleas, Philadelphia County.[1] (Id. ¶ 6.) Plaintiffs did not file any pleadings (i.e., preliminary objections) contesting the Declaration of

---

[1] Plaintiffs' properties are the following: 800 South 13th Street; 804 South 13th Street; 820 South 13th Street; 822 South 13th Street; 1312 Catherine St.; and 1336 Catherine Street. (Compl. ¶ 7.)

Taking. (Def.'s Mot. to Dismiss at 3; Ex. 3 ¶ 2.) On September 17, 2001, based upon its own estimation that $75,950.00 was "just compensation" for Plaintiffs' properties, Defendant deposited $75,950.00 with the Prothonotary of the Court of Common Pleas, Philadelphia County, for the Plaintiffs' six properties. (Id.; Ex. 6 at p. 2.)

Unable to agree upon what constituted "just compensation," Plaintiffs filed a "Petition for Appointment of a Board of View: Condemnee" ("Petition") on April 26, 2005, seeking reevaluation of Defendant's estimated "just compensation" for their properties by the Board. (Compl. ¶ 9.) On May 31, 2005, a Board of View was appointed. (Id. ¶ 10.) After conducting a hearing on November 13, 2006, the Board issued a report of its finding in the "1st and Final Interlocutory Report Board of View" dated November 27, 2006 (the "Award"). (Def.'s Mot. to Dismiss at 4.) As reflected in the Award, the Board determined that Plaintiffs were entitled to $157,200.00 plus delay damages for their properties. (Id. at 5.) On December 28, 2006, the Board filed the Award with the Court of Common Pleas. (Id.; Ex. 2 at p. 66; Ex. 6.) No objections or exceptions to the Award were filed within the applicable thirty-day time limit from the date the award was filed, see 26 Pa.C.S. § 516; therefore, the Award became a final judgment on January 28, 2007. (Id.; Ex. 2.)

On February 15, 2007, after the Award became a final judgment, Plaintiffs filed a "Petition for Allowance of Appeal Nunc Pro Tunc" seeking permission from the Court of Common Pleas to file their objections or exceptions to the Award late (the "Petition to Appeal"). (Id.; Ex. 8.) On March 9, 2007, the Honorable Gary Glazer denied the Petition to Appeal. (Id.; Ex. 9.) Plaintiffs did not appeal Judge Glazer's Order; however, they refused to accept the sum awarded to them by the Board of View. (Id. at 5-6; Ex. 2.) On April 18, 2007, Defendant filed a

2

"Petition for Leave to Pay Estimated Just Compensation into Court" ("Defendant's Petition"). (Id. at 6; Exs. 2, 4.)  Plaintiffs did not oppose Defendant's Petition and, on May 11, 2007, Judge Glazer granted Defendant leave to pay $81,250.00 (the difference between the $157,200.00 awarded by the Board of View on November 27, 2006, and the $75,950.00 Defendant paid into Court in September 2001).  (Id.; Ex. 11.)  As a result, Defendant and the Court ensured that the $157,200.00 awarded by the Board of View would be available to Plaintiffs when they chose to accept the Award.  (Id.)

On September 19, 2011, Plaintiffs commenced the instant action claiming that Defendant condemned their properties improperly and, thereby, deprived them of their property without due process of law.  (See Compl.)  Additionally, Plaintiffs claim that Defendant took their property for public use without just compensation.  (Id.)  Plaintiffs assert that their claims arise under the Fifth Amendment of the United States Constitution and the protections of the Takings Clause and that Defendant is liable pursuant to 42 U.S.C. § 1983.[2]  (Id.)

## II.     DISCUSSION

In its Motion to Dismiss, Defendant argues that Plaintiffs' claims are barred by the applicable statute of limitations.  We agree.  Ordinarily a statute of limitations defense cannot be raised by way of a Federal Rule of Civil Procedure 12(b)(6) motion; however, the United States

---

[2] The Complaint includes a section entitled "Claims," but does not explicitly set forth any counts based upon any specific laws.  (Compl. ¶¶ 12-32.)  In response to Defendant's Motion to Dismiss, Plaintiffs have more clearly expressed that they are asserting claims under the Fifth Amendment of the United States Constitution and the protections of the Takings Clause and that Defendant is liable pursuant to 42 U.S.C. § 1983.  (See Pls.' Response Def.'s Mot. to Dismiss.)  "Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 749 n.9 (1999).

Court of Appeals for the Third Circuit ("Third Circuit") has noted that an exception is made when the complaint on its face demonstrates noncompliance with the limitations period. See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt., 435 F.3d 396, 400 n.14 (3d Cir. 2006); Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). "The 'Third Circuit Rule' 'permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Martin v. Ford Motor Co, 765 F. Supp. 2d 673, 686 (E.D. Pa. 2011) (quoting Robinson, 313 F.3d at 135).

Claims arising under section 1983 are subject to a two-year statute of limitations. Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993) (holding that Pennsylvania's two-year statute of limitations for personal injury actions applies to claims for violations of constitutional rights brought pursuant to 42 U.S.C. § 1983); see also Mumma v. High-Spec, Inc., 400 Fed. App'x 629, 631 (3d Cir. 2010) (same). Federal courts apply the state personal injury statute of limitations in section 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276–80 (1985). 42 Pa.C.S.A. § 5524 states that Pennsylvania's statute of limitations for a personal injury action is two years. See 42 Pa.C.S.A. § 5524; see also Mangan v. Brierre, 257 Fed. App'x 525, 529 (3d Cir. 2007) ("The statute of limitations for a personal injury action in Pennsylvania is two years.") Since Plaintiffs brought their claims under Section 1983, the two-year statute of limitations applies. See Mumma, 400 Fed. App'x at 631; Smith v. City of Pitt., 764 F.2d 188, 194 (3d Cir. 1985).

The Complaint in this action was filed on September 19, 2011. Thus, any violations of Section 1983 occurring before September 19, 2009, are time-barred. Examination of the record

in this case, including parts of the public record regarding the proceedings before the Court of Common Pleas, shows that any alleged violations of Section 1983 occurred prior to September 19, 2009.  See S. Cross Overseas Ag., Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 427 (3d Cir. 1999) (affirming a District Court's grant of defendant's Rule 12(b)(6) motion concluding that it was permissible to take judicial notice of, and to consider, a court opinion on which plaintiff's complaint relied as a matter of public record in determining whether the action was barred by a statute of limitations,); see also Mumma, 400 Fed. Appx. at 631 n.1.

Under federal law, a statute of limitation begins to run when the plaintiff "knew or should have known of the injury upon which [the] action is based."  Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); see also Oshiver, 38 F.3d at 1385 (stating that under the discovery rule, a section 1983 action accrues "as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury").  As a result, "the 'polestar' of the discovery rule is not the plaintiff's actual knowledge of injury, but rather whether the knowledge was known, or through the exercise of reasonable diligence, knowable to the plaintiff."  Oshiver, 38 F.3d at 1386.

Accepting Plaintiffs' version of events as true, they knew or should have known all of the facts needed to establish their constitutional claims no later than May 11, 2007, the date of the final action taken in the Court of Common Pleas in which Judge Glazer granted Defendant leave to pay $81,250.00 into the Court.  In actuality, Plaintiffs knew or should have known of the alleged injury upon which their action is based most likely much earlier under the facts of the case.  Nevertheless, using the date of May 11, 2007, as our starting point, the statute of limitations period began at the latest on this date, and it expired on May 11, 2009.  Plaintiffs'

Section 1983 Complaint, dated September 19, 2011, was filed over two years too late.

Plaintiffs' sole argument that their Section 1983 claims are timely is based upon the unsupported and conclusory assertion that 42 Pa.C.S.A. § 5527(b),[3] Pennsylvania's six-year "catch-all" statute of limitations which applies to any civil action that is not subject to a specified limitations period, applies to their case. (Pls.' Resp. Def.'s Mot. to Dismiss at 9.) Using the May 2007 date, but without fully committing to it, Plaintiffs appear to argue that this date is the date from which the six-year statute of limitations time began to run; thereby, making their action timely. We disagree. As previously set forth, claims arising under Section 1983 are subject to Pennsylvania's two-year statute of limitations for a personal injury action. See Wilson, 471 U.S. at 276–80; Kost, 1 F.3d at 189-90 (3d Cir. 1993); Mumma v. High-Spec, Inc., 400 Fed. Appx. at 631; Mangan, 257 Fed. App'x. at 529; Smith, 764 F.2d at 194; see also 42 Pa.C.S.A. § 5524. As such, Pennsylvania's "catch-all" statute of limitations, 42 Pa.C.S.A. § 5527 (b), is inapplicable.

It is clear from the facts set forth in the Complaint, as well as the matters of public record in the Court of Common Pleas concerning the Taking, that Plaintiffs' claims are time-barred. At the very latest, Plaintiffs should have initiated their Section 1983 action in May 2009, instead of filing well past the applicable time period in September 2011. Due to the untimeliness of the Section 1983 claims, Plaintiffs' lawsuit is barred as a matter of law.

### III.  CONCLUSION

Defendant's Motion to Dismiss Plaintiffs' Complaint is granted. Plaintiffs' Section 1983

---

[3] Section 5527(b) states: "Other civil action or proceeding.- Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation) must be commenced within six years." 42 Pa.C.S. § 5527(b).

claims are time-barred because they did not exercise their right to sue within the applicable two-year time period from the date that they knew or should have known of an injury. Defendants raise several other arguments which appear to have merit, but we decline to address the other arguments because Plaintiffs claims are clearly time-barred.  Plaintiffs will not be permitted an opportunity to amend their Complaint because doing so would be futile in light of the untimeliness of their Complaint.

       An appropriate Order follows.